Chad Fuller, Bar No. 190830
chad.fuller@troutman.com
Troutman Pepper Hamilton Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: (858) 509-6000
Facsimile: (858) 509-6040

Jessamyn E. Vedro, Bar No. 280209
Jessamyn.Vedro@troutman.com
TROUTMAN PEPPER
HAMILTON SANDERS LLP
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9800
Facsimile: (213) 928-9850

Peter Yould, Bar No. 339155
Peter.Yould@troutman.com
TROUTMAN PEPPER
HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Jonathan A. Stieglitz, Bar No. 278028
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorneys for Defendant
Anthem Blue Cross Life and Health
Insurance Co.

Attorney for Plaintiff
California Spine and Neurosurgery
Institute

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 2:23-cv-00894-FLA-JC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:        Hon. Fernando L. Aenlle-Rocha<br>Magistrate:  Hon. Jacqueline Chooljian |

Plaintiff, California Spine and Neurosurgery Institute ("Plaintiff" or "CSNI") and Defendant Anthem Blue Cross Life and Health Insurance Company ("Anthem" or "Defendant") hereby stipulate to adoption of the form protective order preferred by Magistrate Judge Jacqueline Chooljian to maintain the confidentiality of certain information and materials to be exchanged between the Parties.

1. A. <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced prior to the entry of this Order by the Court, whether designated as "CONFIDENTIAL" or not, shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation. Further, as set forth in Section 12.6, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action:  The instant action:  *California Spine and Neurosurgery Institute v. Anthem Blue Cross Life and Health Insurance Company,* United States District Court, Central District of California, Case No. 2:23-cv-00894-FLA-JC.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

///

3

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

3.1 <u>General Scope</u>. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted

from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

3.2 <u>Application to Non-Parties</u>. This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action, and to the attorneys for all such non-Parties, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

3.3 <u>Service of Order on Non-Parties.</u> Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in this Action produced pursuant to such subpoena according to the provisions herein.

3.4 <u>HIPPA Compliance.</u> This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Order

constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

///

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Informal Prior Disclosure.</u> To the extent that any Party has produced Discovery Material pursuant to an informal confidentiality agreement pending the entry of this Order, such Party shall have thirty (30) days to re-designate such material in compliance with this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

///

///

9

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

///

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

12

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Non-waiver. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

12.4    Late Designation of Discovery Material.    The failure to designate particular Discovery Material as "CONFIDENTIAL" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material

was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; *provided, however*, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

12.5 <u>Non-waiver of Privileged Discovery Material.</u> The production of documents and information shall not constitute a waiver in this Action, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. The analysis of whether a disclosure of privileged material was inadvertent, whether the holder of the privilege took reasonable steps to prevent disclosure, and whether the holder of the privilege promptly took reasonable steps to rectify the error under Federal Rule of Evidence 502(b) shall not apply and is irrelevant in this case. This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Action, whether inadvertent or otherwise, is not waived as a result of disclosure of those documents in connection with this Action, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this Action. The fact of production of privileged information or documents by any producing party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the parties' legal rights to assert privilege claims over documents in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

In the event that a Party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the Producing Person's intent to assert a claim of privilege or work product over such materials. Upon such notice:

    a. If the Receiving Person intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the Producing Person, the Receiving Person: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified. If the Receiving Person intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the Producing Person.

    b. If the Receiving Person does not intend to challenge the designation of the document(s) as privileged material, the Receiving Person shall: (i) take reasonable steps to retrieve the privileged material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

12.6   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days After the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

///

///

///

///

///

///

1   Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Jessamyn Vedro

2   hereby attests that concurrence in the filing of this document and its contents has

3   been obtained by all signatories listed.

4

5   Dated: September 21, 2023

6   **TROUTMAN PEPPER HAMILTON SANDERS LLP**

7

8   By:   /s/ Jessamyn Vedro

9   Jessamyn Vedro
    Chad Fuller
10  Peter Yould

11  Attorneys for Defendant Anthem Blue
12  Cross Life and Health Insurance
13  Company

14  Dated: September 21, 2023   **THE LAW OFFICES OF JONATHAN A. STIEGLITZ**

15

16  By: /s/ Jonathan A. Stieglitz
17  Jonathan A. Stieglitz

18  Attorney for California Spine and
    Neurosurgery Institute

19

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22  DATED:  September 29, 2023

23

24  _____/s/_____
25  Honorable Jacqueline Chooljian
    United States Magistrate Judge

26

27

28

17

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on September 29, 2023, in the case of *California Spine and Neurosurgery Institute v. Anthem Blue Cross Life and Health Insurance Company*, United States District Court, Central District of California, Case No. 2:23-cv-00894-FLA-JC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____