UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>                Plaintiff,<br><br>    v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>                Defendants. | Case No. 2:23-cv-00894-FLA (JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 24] AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 23]** |

## RULING

Before the court are two motions: (1) Defendant Anthem Blue Cross Life and Health Insurance Company's ("Anthem") Motion for Judgment on the Pleadings (Dkt. 23, "MJOP") (the "MJOP") and (2) Plaintiff California Spine and Neurosurgery Institute's ("Plaintiff") Motion to Remand (Dkt. 24, "MTR").

On September 20, 2023, the court found both motions appropriate for resolution without oral argument and vacated the hearings set for September 22, 2023.  Dkt. 29; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion to Remand, GRANTS Plaintiff fourteen (14) days' leave to file an amended complaint, DENIES the MJOP as MOOT, and LIFTS the stay on discovery.

## BACKGROUND

On January 5, 2023, Plaintiff initiated this action against Defendant in the Los Angeles County Superior Court, alleging solely state law causes of action.  Dkt. 1-1 ("Compl.").  Plaintiff, a medical provider, alleges Anthem "failed to make proper payments and/or underpayments to [Plaintiff] .... for surgical care, treatment and procedures provided to Patient[s.]"  *Id.* at 5.[1]

Anthem removed the action to this court on February 6, 2023, alleging federal question jurisdiction because "Plaintiff's claims against Defendants relate to the enforcement of rights and the payment of benefits under an Employee Retirement Income Security Act ('ERISA') governed health benefits plan at issue[.]"  Dkt. 1 ("NOR") at 3.

On August 16, 2023, Anthem filed the MJOP, arguing Plaintiff's claims are completely preempted by ERISA.  *See* MJOP.  On August 25, 2023, Plaintiff filed a Motion to Remand, arguing the Complaint does not implicate ERISA on its face and

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

Anthem had not provided any evidence suggesting the health plans at issue are governed by ERISA. *See* MTR; Dkt. 24-1 at 5–6. On September 1, 2023, Plaintiff filed an Opposition to the MJOP, echoing its argument that Anthem had not established the relevant health plans are covered by ERISA. Dkt. 25 at 9–10. Also on September 1, 2023, Anthem filed an Opposition to Plaintiff's Motion to Remand. Dkt. 26. Concurrent with the filing of its Opposition, Anthem provided heavily redacted copies of the relevant health plans. *See* Dkts. 26-4; 26-5. On September 8, 2023, Anthem filed a Reply in Support of its MJOP. Dkt. 27. Also on September 8, 2023, Plaintiff filed a Reply in Support of its Motion to Remand. Dkt. 28. Plaintiff's Reply requests, in the event the court finds merit in Anthem's position, that the court provide Plaintiff "leave to amend to assert an ERISA cause of action[.]" *Id.* at 5.

On December 1, 2023, Anthem filed an Ex Parte Application requesting a stay of all discovery in the case pending the court's decision on Anthem's MJOP (the "EPA"). Dkt. 39. On December 13, 2023, the court granted the EPA and stayed discovery until further order of the court. Dkt. 42. The court also ordered the parties to submit supplemental briefs addressing whether the relevant health plans are governed by ERISA. *Id.* Both Anthem and Plaintiff timely filed responses. Dkts. 43 ("Anthem Resp."), 44 ("Pltf. Resp.").

## DISCUSSION

### I. Plaintiff's Motion to Remand

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's

citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Anthem's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A. ERISA Preemption

Anthem argues Plaintiff's state law claims are completely preempted by ERISA and should have been brought as an ERISA cause of action. Dkt. 26 at 6–11. Determining whether a particular case arises under federal law ordinarily turns on the "well-pleaded complaint" rule. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for So. Cal.*, 463 U.S. 1, 9–10 (1983). However, as one exception to the well-pleaded complaint rule, when a federal statute completely preempts a state law cause of action, the state claim may be removed to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Beneficial Nat. Bank v. Anderson*, 59 U.S. 1, 8 (2003)). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* (cleaned up).

#### 1. The Plans at Issue

In support of its Motion to Remand, Plaintiff chiefly argues that Anthem "has not satisfied its obligations for establishing that this case involves an ERISA plan." Dkt. 28 at 3; Pltf. Resp. at 2. Anthem argues "[b]oth plans at issue in this case are employer benefit plans governed by ERISA." Anthem Resp. at 3. Employer self-funded plans qualify as employee welfare benefit plans under ERISA. *See Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 317 (2016) ("The Plan is self-insured and self-funded ... qualif[ying it] as an 'employee welfare benefit plan' under ERISA[.]"). A self-funded plan is one in which "the insurance company acts only as a third-party

4

administrator; the employer is responsible for paying claims out of the employees' contributions and bearing the financial risk." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 658 (9th Cir. 2019) (citation and brackets omitted).

With respect to Member NR, a patient as described in the Complaint, Anthem provides evidence the relevant plan is a health benefit plan self-funded by NR's employer, Kioxia America. *See id.* at 3; Dkt. 43-2 at 10. On review of Anthem's proffered evidence, the court is persuaded that Member NR's health plan, at minimum, is covered by ERISA.

### 2. Preemption of Plaintiff's Claims

Having determined that at least one of the relevant health plans at issue is governed by ERISA, the court next analyzes whether any of Plaintiff's claims are completely preempted. Anthem argues "Plaintiff's claims ... against [Anthem] seek to enforce the terms of the ERISA-governed benefits plan, alleging that [Anthem's] failure to cover and pay for medical services rendered by Plaintiff to the patient at issue violated the terms of the health plan." NOR at 5; Dkt. 26 at 11.

The court agrees with Anthem. Plaintiff's breach of written contract claim states that, "[u]nder the terms of the agreement, [Anthem] was obligated to pay for facility services based on [Plaintiff's] charges," but Anthem "failed to make payment in accordance with the terms of the written agreement and instead made a payment that was far less than [Plaintiff's] billed amount." Compl. ¶¶ 89–90. Plaintiff's breach of written contract claim, therefore, is completely preempted by ERISA because Plaintiff seeks reimbursement of benefits that exist "only because of [Anthem's] administration of ERISA-regulated benefits plans." *See Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1226 (9th Cir. 2005) (citation and internal quotation marks omitted). The court's determination that ERISA completely preempts Plaintiff's breach of written contract claim is alone sufficient to confer subject matter jurisdiction. *See Melamed, M.D. v. Blue Cross of California*, 557 Fed. Appx. 659, 661 (9th Cir. 2014) ("We evaluate whether an individual *claim* is completely

5

preempted. If it is, the existence of other nonpreempted cases will not save the case from federal removal jurisdiction").

### 3. Conclusion

Having determined the relevant health plans at issue are covered by ERISA, at least one of Plaintiff's claims is preempted by ERISA, and removal, therefore, was proper, the court hereby DENIES Plaintiff's Motion to Remand. The court also GRANTS Plaintiff's request for leave to amend, *see* Dkt. 28 at 5, and provides fourteen (14) days' leave for Plaintiff to file an amended complaint asserting an ERISA cause of action.

## II. Anthem's Motion for Judgment on the Pleadings

Having provided Plaintiff leave to file an amended complaint asserting an ERISA cause of action, Anthem's MJOP is DENIED as MOOT.

## CONCLUSION

For the reasons set forth above, the court DENIES Plaintiff's Motion to Remand (Dkt. 24) and DENIES as MOOT Anthem's MJOP (Dkt. 23). Plaintiff shall file an amended complaint within fourteen (14) days of this Order. The court hereby LIFTS its previous stay of discovery (*see* Dkt. 42).

IT IS SO ORDERED.

Dated: January 31, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

6